Document 1

Document 2

Document 3

```
                         JUDGMENT                FILED: July 6, 2007

                   UNITED STATES COURT OF APPEALS

                              for the

                          Fourth Circuit


                           No. 06-5277
                        1:06-cr-00205-JCC


UNITED STATES OF AMERICA

             Plaintiff - Appellee

   v.

DAVID A. KAYE

             Defendant - Appellant


                      --------------------
             Appeal from the United States District Court for the
                  Eastern District of Virginia at Alexandria
                      --------------------

     In accordance with the written opinion of this Court filed

this day, the Court affirms the judgment of the District Court.

     A certified copy of this judgment will be provided to the

District Court upon issuance of the mandate.  The judgment will

take effect upon issuance of the mandate.



                                 /s/ Patricia S. Connor
                                 _____
                                           CLERK
```

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NOTICE OF JUDGMENT
July 6, 2007

TO:      Edmund Paul Power, Esq.
           Peter David Greenspun, Esq.
           Melinda Laverne VanLowe, Esq.

Judgment was entered this date in Case Number(s): 06-5277

The Court's decision is enclosed.

PETITION FOR REHEARING (FRAP 40)
PETITION FOR REHEARING EN BANC (FRAP 35)

Filing Time    A petition must be received in the clerk's office within 14 days after judgment to be timely. There are three exceptions to this rule:

(1) In all civil cases in which the United States or an agency or officer thereof is a party, any petition for rehearing must be received in the clerk's office within 45 days after entry of judgment.

(2) The Court may grant an extension of time or leave to file a petition for rehearing out of time if the party establishes that the delay resulted from the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or other circumstances wholly beyond the control of counsel or a party proceeding without counsel.

(3) Prisoner petitions are deemed filed when delivered to prison authorities.

If a petition for rehearing en banc is to be filed, it must be filed at the same time and in the same document as the petition for rehearing and must be clearly identified in the title.

Each case number to which the petition applies must be listed on the petition, even in companion or consolidated cases. Failure to list the individual case numbers on the petition will result in the unidentified cases proceeding to mandate even if a timely petition for rehearing has been filed in a companion or consolidated case.

A timely filed petition for rehearing or petition for rehearing en banc will stay the mandate and toll the running of time for filing a petition for writ of certiorari.

Purpose    A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material fact or law overlooked in the decision.
2. A change in the law which occurred after the case was submitted and which was overlooked by the panel.
3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.

|  |  |
|---|---|
|  | 4. The proceeding involves one or more questions of exceptional importance. |
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section. The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed. The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

## BILL OF COSTS (FRAP 39)

|  |  |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 07/20/07. |

## MANDATE (FRAP 41)

|  |  |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance. If the petition or motion is denied, the mandate will issue 7 calendar days later. If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

## CRIMINAL CASES (Plan in Implementation of the CJA)

|  |  |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court. Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

## PETITION FOR WRIT OF CERTIORARI (Sup.Ct.R. 13)

|  |  |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from the issuance of the mandate. If a petition for rehearing is timely filed, the time runs from the denial of that petition. Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court. |

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5277

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

  versus

DAVID A. KAYE,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:06-cr-00205-JCC)

Submitted: May 30, 2007         Decided: July 6, 2007

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter D. Greenspun, Melinda L. VanLowe, GREENSPUN, DAVIS & LEARY, P.C., Fairfax, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Edmund P. Power, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David A. Kaye appeals his convictions after a bench trial of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) (2000), and travel with intent to engage in illicit sexual contact with a minor in violation of 18 U.S.C. § 2423(b) (2000), and his resulting seventy-eight month sentence. Kaye claims the district court erroneously: (i) denied his pre-trial motion to dismiss the indictment; (ii) excluded evidence at trial he claims was exculpatory; and (iii) denied his Fed. R. Civ. P. 29 motion for judgment of acquittal based on the sufficiency of the evidence. We affirm.

At 3:50 a.m. on August 7, 2005, Kaye, a fifty-four year old resident of Maryland, initiated Internet contact under the screen name "REDBD" with an individual with the screen name "MadC Rad1992." Upon contact, Kaye immediately inquired whether "MadC Rad1992" was thirteen years old, to which "MadC Rad1992" responded in the affirmative and informed Kaye he lived in Herndon, Virginia. When "MadC Rad1992" inquired whether Kaye could not sleep, Kaye responded he was "prowling for young men." During this communication, Kaye and "MadC Rad1992" electronically exchanged photographs. "MadC Rad1992" emailed Kaye a photograph of a young male and Kaye emailed sexually explicit photographs of himself posing nude and engaging in fellatio with another male.

Unbeknownst to Kaye, "MadC Rad1992" was really an adult, Sean O'Connor. O'Connor was an undercover operative with Perverted Justice, an online organization dedicated to exposing adults who use the Internet to seek sexual activity with children. During his online chat with "MadC Rad1992," Kaye also communicated by telephone with a person he believed to be "MadC Rad1992," but who was really a twenty-four-year-old woman named Alison Shea, another undercover operative with Perverted Justice.

Between August 7, 2005 and August 17, 2005, Kaye communicated via instant messaging with "MadC Rad1992" several times, each time discussing sexually explicit topics and sexual acts Kaye and "MadC Rad1992" could perform on one another. The two also planned to meet when "MadC Rad1992's" father would not be home, and on August 17, 2005, Kaye traveled from Maryland to Herndon, Virginia to meet "MadC Rad1992."

Upon entering the Herndon, Virginia home, Kaye was met by NBC Dateline correspondent, Chris Hansen, who immediately conducted an interview of Kaye. When asked by Hansen what he was doing there, Kaye responded "[n]ot somethin' good." Upon questioning why he came to the home, Kaye responded "[u]m, that I don't wanna be . . . look this isn't good." Shortly thereafter, Kaye stopped the interview and left the home.

Kaye subsequently contacted America Online to inquire how he could remove "all aspects of the screen name REDBD from his

computer." Kaye also inquired of his employer's computer network manager how he could remove personal items from his computer. After receiving the information from the manager, Kaye asked if "there was any way that [she] could guarantee nobody would find" the information. Kaye's employer later gave Kaye's computer to law enforcement and forensic analysis revealed a portion of the chat with "MadC Rad1992," the pictures Kaye sent to him, and driving directions to the Herndon, Virginia home.

Kaye claims the district court erred in denying his motion to dismiss the indictment because: (i) Kaye could not be convicted of a violation of § 2422(b) since he interacted at all times with an adult and not a thirteen year old boy; (ii) § 2422(b) unconstitutionally criminalized Kaye's protected speech; (iii) § 2423 unconstitutionally criminalized Kaye's right to travel; and (iv) Perverted Justice's failure to record Shea's telephone conversation with Kaye required the indictment be dismissed. We review a district court's denial of a motion to dismiss the indictment made before trial de novo. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997).

Kaye argues he could not be convicted of a violation of § 2422(b) because the Government did not prove he was guilty of § 18.2-370 since his victim was not a child under fourteen years of age. Kaye's argument is meritless. Under § 2422(b), it is unlawful for a person, "using . . . any facility or means of

interstate . . . commerce . . . [to] knowingly persuade[], induce[], entice[] or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so . . . ." See 18 U.S.C. § 2422(b) (2000). To obtain a conviction under § 2422(b), the Government must also prove that the additional elements of Va. Code Ann. § 18.2-370, which makes it unlawful for an individual to take indecent liberties with a child,[1] were satisfied.

Kaye argues that because it is undisputed he interacted with adults rather than a child, his behavior did not violate § 18.2-370, and therefore could not violate 18 U.S.C. § 2422. Because the Virginia Supreme Court explicitly ruled in Hix v. Commonwealth, 619 S.E.2d 80, 83-87 (Va. 2005), that the absence of an actual child has no bearing on the crime of attempt under § 18.2-370, we conclude the district court correctly rejected Kaye's argument.

---

[1] A violation of § 18.2-370 occurs when "any person eighteen years of age or over, who, with lascivious intent, knowingly and intentionally" takes indecent liberties with "any child under the age of fifteen years." Va. Code Ann. § 18.2-370. Taking indecent liberties with a child includes proposing "that any such child expose his or her sexual or genital parts to such person", "feel or fondle the sexual or genital parts of any such child", perform "an act of sexual intercourse" or "entice[s], allure[s], persuade[s], or invite[s] any such child to enter . . . [a] place, for any of the[se] purposes." Va. Code Ann. § 18.2-370.

We also reject Kaye's arguments that §§ 2422 and 2423 are unconstitutional as applied to him. Because these arguments were made in a supplemental memorandum filed long after the motions deadline set by the district court pursuant to Fed. R. Crim. P. 12(c), and after oral argument on Kaye's motion to dismiss the indictment took place, the district court dismissed them as untimely. In rejecting Kaye's supplemental arguments, the district court also noted it nonetheless found Kaye's arguments meritless. On appeal, Kaye argues only that the district court erred in its ruling on the substance of his arguments, but does not challenge the district court's finding the supplemental arguments were untimely. Accordingly, we conclude Kaye has abandoned any challenge to the dismissal of his arguments by the district court. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."). In any event, we have carefully reviewed the district court's alternative reasoning that §§ 2422 and 2423 are constitutional as applied to Kaye, and would reach the same conclusion.

Kaye also argues the district court erred in denying his motion to dismiss the indictment for spoliation of evidence because Perverted Justice's failure to record a telephone conversation between Shea and Kaye prevented Kaye "from playing the true, complete and accurate telephone conversation and proving that he

- 6 -

was lead to believe, by the speaker's voice, that he was speaking with an adult."  Kaye's argument is meritless.

In his motion to dismiss the indictment for spoliation of evidence, Kaye conceded, as he does on appeal, that dismissing an indictment for "spoliation of evidence is a drastic remedy that typically requires that bad faith be proven."  Cole v. Keller Indus., Inc., 132 F.3d 1044, 1047 (4th Cir. 1998).  Kaye, however, neglects to identify any bad faith on the part of Perverted Justice.

Moreover, to the extent Kaye argues he was denied due process by Perverted Justice's failure to record the conversation, this argument similarly fails because law enforcement, not a private actor, must have acted in bad faith before the destruction of evidence will constitute a due process violation.  See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).  Because there was no showing that Perverted Justice acted at the direction or under the control of law enforcement, the district court correctly found that "[a]ny deficiency in the evidence can be remedied during cross-examination at trial and considered by the fact-finder."

Kaye next claims the district court erred in excluding evidence of an instant message chat he had with Gregory Brainer, another Perverted Justice operative, after the Perverted Justice sting operation.  Kaye claims the chat was a prior consistent statement that should have been allowed after Kaye was cross-

examined by the Government and his intention regarding the solicitation questioned, or in the alternative, that the chat log should have been excepted from hearsay under the residual exception because it was inherently trustworthy. Because the conversation post-dated the sting operation, lacked indicia of reliability, and since its admission would have far-reaching ramifications, the district court found the evidence to be inadmissible hearsay. The decision of a district court to admit or exclude evidence is reviewed for abuse of discretion. See United States v. Young, 248 F.3d 260, 266 (4th Cir. 2001). This court will find such abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. See United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997). Because Kaye's chat with Brainer took place in January or February 2006, five or six months after the Perverted Justice sting operation, Kaye's motive to fabricate an exculpatory explanation for his conduct arose before Kaye's chat with Brainer. Accordingly, we conclude the district court did not err in excluding evidence of the chat between Kaye and Brainer.

Kaye's final contention is that the district court erred in denying his motion for judgment of acquittal because the Government produced insufficient evidence regarding Kaye's intent to engage in unlawful sexual acts with a minor and to travel in interstate commerce for that purpose. We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681,

693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006).  We conclude there was sufficient evidence to establish Kaye intended to engage in unlawful sexual acts with a minor and to travel in interstate commerce for that purpose.

A review of the trial transcript leaves little room to doubt that Kaye communicated with "MadC Rad1992" believing he was a minor, that his communications were an attempt to lure "MadC Rad1992" into engaging in unlawful sexual acts with him, and that Kaye traveled from Maryland to Herndon, Virginia intending to lure "MadC Rad1992" into engaging in sexual acts with him.  As the district court found, the chat logs of Kaye's conversations with "MadC Rad1992" established Kaye first complimented "MadC Rad1992" on being "cute" and "sweet," then made "blatant, aggressive sexual advances" toward him by suggesting various forms of oral and manual sexual stimulation.

We conclude the evidence also established Kaye believed he was communicating with a thirteen-year-old boy.  During Kaye's first chat with "MadC Rad1992," Kaye immediately inquired whether "MadC Rad1992" was only thirteen, likely inferring his age from the inclusion of "1992" in his screen name.  In addition, Kaye repeatedly referred to "MadC Rad1992" as "young" and being only thirteen years of age during their chats, and the chats often centered around whether and when "MadC Rad1992's" father was home.

This conclusion is bolstered by the manner in which Kaye reacted upon entering the Herndon, Virginia home.

Although Kaye claims the evidence was insufficient to support a conviction because he thought "MadC Rad1992" was an adult and did not travel to Herndon to engage in sexual acts with him, we conclude the district court's disregard of this testimony was a credibility determination that should not be disturbed on appeal. See United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002). As the district court explicitly stated, it "did not find Defendant's testimony to be credible in its assessment of his veracity, demeanor, cadence, tenor, and inflection of his voice as well as the consistency of his answers on cross examination." Accordingly, we conclude the district court correctly denied Kaye's Rule 29 motion.

Based on the foregoing, we affirm Kaye's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED